UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES M. FAYED,

    Petitioner,

v.

WARDEN SQSP,

    Respondent.

Case No. 22-cv-02432-JSC

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## INTRODUCTION

Petitioner is a condemned prisoner at San Quentin State Prison who filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254. He is not represented by an attorney. He has paid the filing fee.

## BACKGROUND

The petition does not indicate what crimes he was convicted of, nor does it indicate when or where he was convicted. Exhibits to the petition indicate that in July 2008, Petitioner's wife was murdered in Los Angeles, and the Los Angeles Police Department named him as a suspect. (ECF No. 1-4 at 7, 25-29.) The petition and exhibits do not indicate whether he was convicted of that murder or whether his present confinement in state prison on death row is based upon some other offense.

The petition refers to federal criminal proceedings against him in 2008 in the United States District Court for the Central District of California. Exhibits to the petition indicate that he and a company he founded were indicted in February 2008 for operating an unlicensed money remitting business, that he was arrested on those charges in August 2008, and in September 2008, the charge was dismissed against him based upon a motion by the prosecutor. (ECF No. 1-2 at 7-8; ECF No.

1-3 at 2-3, 35-36.)[1]

## DISCUSSION

This Court may entertain a petition for a writ of habeas corpus under Section 2254 "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

Petitioner claims that his arrest and imprisonment were false, that he was subject to an illegal search and seizure, that he faced excessive bail, and that his rights to due process and under the Eighth Amendment were violated in unspecified ways. Petitioner does not explain whether these claims relate to his state court conviction for which he is presently in custody. It appears from his discussion and his request for expungement of records relating to federal (as well as state) criminal proceedings that these claims may relate to the 2008 federal criminal proceedings in which the charges against him were dismissed. This Court does not have jurisdiction to issue a writ of habeas corpus based upon any constitutional violations that occurred in those proceedings because a federal court only has jurisdiction to issue a writ of habeas corpus to persons "in custody" under the charges or conviction under attack at the time the petition is filed. *See* 28 U.S.C. §§ 2241(c) (for petitioners in federal custody), 2254(a) (for petitioners in state custody); *see Carafas v. LaVallee*, 391 U.S. 234, 238 (1968) (the federal habeas "in custody" requirement is jurisdictional). Petitioner is not in custody on the federal indictment or the pretrial detention orders in his 2008 federal criminal proceedings. Therefore, a federal writ of habeas corpus is not available to him based upon any violations that may have occurred in those proceedings.

Petitioner "strongly and clearly" states that he does *not* challenge the validity of his state court conviction, nor does he want to usurp any collateral state court petitions challenging that

---

[1] Petitioner states that he has been in custody continuously since that time, but he does not explain the basis for his continued custody following dismissal of the federal charge.

1   conviction. (ECF No. 1 at 2.) However, he seeks a writ of habeas corpus under Section 2254
2   (ECF No. 1 at 2), which is the statute that authorizes a writ for state court prisoners based upon the
3   fact that their convictions are unconstitutional. Moreover, he seeks to be released from custody in
4   state prison, and to have his state court criminal records expunged. (ECF No. 1 at 2, 10.) He
5   cannot be released from prison via a federal writ of habeas corpus without showing that his state
6   court conviction is invalid because that conviction is the basis for his incarceration. Therefore, if
7   Petitioner wishes to pursue release from state prison via a federal habeas petition, he must file an
8   amended petition under Section 2254 in which he indicates that he is challenging the validity of
9   his state court conviction and/or sentence. The amended petition must include basic information
10  necessary for the Court to rule on it, such as the date and court of his conviction and sentence, the
11  crimes he was convicted of, and information regarding any direct appeals or state or federal habeas
12  petitions. He must complete the Court's form Section 2254 habeas petition for his amended
13  petition.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DISMISSED WITH LEAVE TO AMEND. If Petitioner wishes to proceed with his Petition in this Court, he shall file an amended petition on or before June 15, 2022. The amended petition must correct all of the deficiencies discussed above, must be on the Court's form petition under 28 U.S.C. § 2254 (a copy of which will be mailed to Petitioner), must include the caption and civil case number used in this order (No. C 22-2432 JSC (PR)) and the words "COURT-ORDERED FIRST AMENDED PETITION" on the first page. Because an amended petition completely replaces the original, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Petitioner may not incorporate material from the original petition by reference; he must include in his amended petition all the claims and allegations he wishes to pursue. <u>If Petitioner fails to file an amended petition within the designated time and in compliance with this Order, the petition will be dismissed.</u>

It is Petitioner's responsibility to prosecute this case. He must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may

3

result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Reasonable requests for an extension of a deadline will be allowed upon a showing of good cause if the request is filed prior to the deadline.

**IT IS SO ORDERED.**

Dated: May 13, 2022

_____
JACQUELINE SCOTT CORLEY
United States District Judge